**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Clyde Devon Singletary, Appellant.

Appellate Case No. 2018-000175

———————

Appeal From Florence County
D. Craig Brown, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-176
Submitted May 1, 2020 – Filed June 10, 2020

———————

**AFFIRMED**

———————

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Edgar Lewis Clements, III, of Florence, all for Respondent.

———————

**PER CURIAM:** Clyde Devon Singletary appeals his conviction and seven-year sentence for malicious injury to a utility system. On appeal, Singletary argues the trial court erred in denying his motion for a directed verdict because the State

failed to prove he damaged an electric utility system. At trial, the State presented testimony showing Singletary destroyed sixty feet of power wire and sawed into and damaged a power pole. Viewing the evidence in the light most favorable to the State, we find the trial court did not err in denying the motion for a directed verdict. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Fennell*, 340 S.C. 266, 270, 531 S.E.2d 512, 514 (2000) ("In considering a motion for a directed verdict, the trial court is concerned with the existence or non-existence of evidence, not with its weight."); *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."); *Fennell*, 340 S.C. at 270, 531 S.E.2d at 514 ("The case should be submitted to the jury if there is any direct evidence or substantial circumstantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly or logically deduced."); *Weston*, 367 S.C. at 292, 625 S.E.2d at 648 ("When reviewing a denial of a directed verdict, [an appellate c]ourt views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); S.C. Code Ann. § 16-11-740 (2015) (stating "[i]t is unlawful for a person, without the consent of the owner, to wilfully: (1) destroy, damage, or in any way injure a telegraph, telephone, *electric utility system*, satellite dish, or cable television system, including *poles*, *cables*, *wires*, fixtures, antennas, amplifiers, or other apparatus, equipment, or appliances; [or] (2) obstruct, impede, or impair their services or transmissions" (emphases added)).

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.